[Docket No. 1]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

CARTIER GRAY,

                Plaintiff,

    v.

GT AUTO SALES,

                Defendant.

Civ. A. No. 25-5982
(RMB/EAP)

**MEMORANDUM OPINION
& ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon the Complaint [Docket No. 1] and Application to Proceed *in forma pauperis* ("IFP") [Docket No. 1-2] by Plaintiff Cartier Gray ("Plaintiff"). Plaintiff alleges that he entered into a contract to purchase a vehicle from Defendant GT Auto Sales ("Defendant") and tendered full payment using a bill of exchange, yet Defendant failed to properly reject the payment or deliver the vehicle. [Compl. ¶¶ 5, 7, 10–11.] He claims that he is owed the full amount paid for the vehicle – $80,500.00 – due to Defendant's breach of contract. [*Id.* ¶ 18.]

### I. IFP APPLICATION

Pursuant to Local Civil Rule 54.3, "the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed . . . unless the fee is paid in advance." Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

A court may permit a litigant to proceed without prepayment of fees if he submits a proper IFP application and establishes that he is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1). Courts within the Third Circuit only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute," the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status bears the burden "to provide the Court with the financial information it needs to make a determination as to whether she qualifies for IFP status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (cleaned up). "[A] plaintiff must state the facts concerning [his] poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

While Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), proceeding IFP "is a privilege, not a constitutional right." *Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011)).

In his IFP application, Plaintiff states that he is unemployed, has zero income and zero assets, and that he does not expect any future income. He notes that he has $38.00 in a checking account. Plaintiff claims to have zero monthly expenses for housing, utilities, home maintenance, medical and dental expenses, recreation, insurances, taxes, or installment payments. But he offers no explanation as to "how he subsists without paying any [of these] expenses." *Hedgepeth v. Cap. Health*, 2023 WL 6579821, at *2 (D.N.J. Oct. 10, 2023) (denying IFP application where plaintiff claimed to have "no assets, no income, and no expenses," much like Plaintiff here). His only claimed expenses are food, clothing, laundry, and transportation. Yet he does not explain how he covers these expenses with no income whatsoever.[1]

Plaintiff's IFP application is patently deficient. A litigant seeking IFP status cannot claim indigency by merely marking zeros across the board in an IFP application. *See, e.g.*, *Afshar v. Rutgers Univ.*, 2024 WL 4476154, at *1 (D.N.J. Oct. 11, 2024) (denying IFP application, finding plaintiff did not make "a good faith effort to state his income and assets" where plaintiff wrote "'0' for every single box" in IFP application). That is essentially what Plaintiff has done here. Based upon Plaintiff's submission, the Court cannot properly determine Plaintiff's financial status and whether he is eligible to proceed IFP. Accordingly, the Court will deny his IFP application without prejudice.

---

[1]    The Court questions how Plaintiff supposedly purchased a vehicle for over $80,000 only a month prior to applying for IFP status given what he has represented about his finances.

## II. SCREENING FOR DISMISSAL

Although the Court has denied Plaintiff's IFP application, the Court will nonetheless review the merits of the Complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (holding that "a court has the authority to dismiss a case at any time, regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.") (internal citation omitted). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court reviewing a complaint filed IFP must dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This requirement, however, does not excuse *pro se* plaintiffs from pleading the essential elements of their claims or otherwise conforming to the standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

Liberally construed, Plaintiff's Complaint adequately pleads a breach of contract claim under New Jersey law. That being said, the Court cannot assure itself of its subjection matter jurisdiction over this claim. Courts can *sua sponte* raise the issue of subject matter jurisdiction at any time. *See, e.g.*, *Liberty Mut. Ins. Co. v. Ward Trucking*

*Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*[.]").  Federal courts "are courts of limited jurisdiction."  *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).  As such, federal courts have "subject matter jurisdiction over civil action arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)."  *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)).

Plaintiff contends that this Court has jurisdiction over his breach of contract claim based upon diversity of citizenship.  [Compl. ¶ 3.]  Plaintiff is a citizen of New Jersey.  [*Id.* ¶ 1.]  Plaintiff alleges that Defendant is "a motor vehicle dealership located" in Tacoma, Washington.  [*Id.* ¶ 2.]  Based on this alone, Plaintiff claims that Defendant is a citizen of Washington.

But this is insufficient.  The citizenship of each party must be specifically alleged.  *Martin v. Aurora Fin. Grp., Inc.*, 2024 WL 1485461, at *3 (D.N.J. Apr. 5, 2024) (citing *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006)).  Defendant is clearly not an individual, yet Plaintiff does not set forth what type of entity Defendant is – for example a corporation or a limited liability company ("LLC") – or the information required to ascertain the citizenship of the entity.  The citizenship of a corporation is determined by its state of incorporation *and* its principal place of business.  28 U.S.C. § 1332(c)(1).  Unlike a corporation, the citizenship of an LLC is

determined by the citizenship of each of its members, not where it has a principal place of business, where it operates, or under which state's law it is established. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Plaintiff, as the party asserting diversity jurisdiction, bears the burden of establishing its requirements. Here, Plaintiff has failed to do so. Accordingly, based on the pleadings before it, the Court cannot satisfy itself of its subject matter jurisdiction over Plaintiff's breach of contract claim. Accordingly, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff will be granted leave to amend his pleadings to adequately establish Defendant's citizenship.

**ACCORDINGLY, IT IS HEREBY**, on this **8th** day of **January 2026**,

**ORDERED** that Plaintiff's IFP Application [Docket No. 1-2] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, **within thirty (30) days** of the entry of this Order, Plaintiff shall submit an amended complaint that properly establishes the basis for this Court's subject matter jurisdiction, accompanied by either the requisite $405 filing fee or a renewed IFP application; and it is further

**ORDERED** that, in the event that Plaintiff does not timely submit an amended complaint accompanied by either the filing fee or a renewed IFP application, the Court

will close the file in this matter without further notice and subject to reopening only upon good cause shown; and it is finally

ORDERED that the Clerk of the Court shall **MAIL** a copy of this Memorandum Opinion and Order to Plaintiff via regular U.S. mail and **NOTE** the completion of same on the docket.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
Chief United States District Judge